# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID SCHULTZ, individually and on behalf of all others similarly situated;<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>TD AMERITRADE, INC.; and THE CHARLES SCHWAB CORPORATION,<br><br>　　　　　Defendants. | 8:23CV375<br><br>ORDER FOR CONSOLIDATION AND APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL |
| KEREN JEANFORT, individually and on behalf of all others similarly situated;<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>TD AMERITRADE, INC.; and THE CHARLES SCHWAB CORPORATION,<br><br>　　　　　Defendants. | 8:23CV380<br><br>ORDER FOR CONSOLIDATION AND APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL |
| FORTUNO JEANFORT, individually and on behalf of all others similarly situated;<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>TD AMERITRADE, INC.;<br><br>　　　　　Defendant. | 8:23CV381<br><br>ORDER FOR CONSOLIDATION AND APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL |
| FRANCIS GRANDE, individually and on behalf of all others similarly situated;<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>TD AMERITRADE, INC.;<br><br>　　　　　Defendant. | 8:23CV385<br><br>ORDER FOR CONSOLIDATION AND APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL |

This matter is before the Court on the Motion to Consolidate Cases (Filing No. 11 in Case No. 8:23CV375) and the Motion for Appointment of Interim Lead Counsel Under Fed. R. Civ. P. 23(g)(3) (Filing No. 12 in Case No. 8:23CV375) filed by Plaintiff, David Schultz.  The plaintiffs in each of the other above-captioned cases do not oppose consolidation, and "support and consent" the motion for appointment of interim co-lead counsel.  (Filing No. 12 at fn. 1 in Case No. 8:23CV375). The defendants "take no position" on consolidation, (Filing No. 26 in Case. No. 8:23CV375), and filed no response to the motion for appointment of interim co-lead counsel.  For the following reasons, the Court will grant the motions.

## I.   Consolidation

Plaintiff Schultz seeks consolidation of the above-captioned cases, as well as any subsequently filed or transferred related actions, for all purposes pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.  After review of the pleadings and the motion to consolidate, the Court finds consolidation pursuant to Fed. R. Civ. P. 42(a) is warranted.

The plaintiffs' claims all arise out of the same data breach of the defendants' computer network on or about May 30, 2023, which resulted in the unauthorized access of the personal identifying information of approximately 61,000 individuals. The defendants investigated the breach, and determined an unauthorized actor accessed files containing sensitive information such as customers' social security numbers and financial account information.  The defendants began providing affected individuals with notice of the breach on August 3, 2023.  The plaintiffs and class members are individuals who allege they will face a continuing risk of fraud and identity theft as a result of this data breach.  Plaintiff Schultz filed a class action complaint against the defendants on August 23, 2023, asserting claims arising out of the data breach for: (i) negligence; (ii) unjust enrichment; (iii) negligence per se; (iv) breach of implied contract; and (v) breach of implied covenant of good faith and fair dealing.  Plaintiffs Keren Jeanfort, Fortuno Jeanfort, and Francis Grande each filed similar class action complaints for the same data breach within one week of Plaintiff Shultz.

Because the plaintiffs' claims each arise out of the same data breach, contain overlapping causes of action, and seek to represent the same class of individuals, all of the above-captioned actions will involve common questions of law and fact.  See Fed. R. Civ. P. 42(a) (permitting a court to consolidate actions "involv[ing] a common question of law or fact.").  Consolidation will

promote judicial efficiency, conserve the parties' and court's resources, and will avoid duplicative discovery and court rulings.  Moreover, the plaintiffs have proposed jointly filing a consolidated amended complaint in the first-filed action, *Schultz v. TD Ameritrade, Inc., et. al*., Case No. 8:23CV375; thereafter, the plaintiffs propose administratively closing the remaining member cases and proceeding under the *Shultz* action only.  Under the circumstances, the Court finds Plaintiff Schultz's motion should be granted and the above-captioned cases should be consolidated for all purposes.

## II.     Appointment of Interim Co-Lead Class Counsel

Plaintiff Schultz has also filed a Motion for Appointment of Interim Lead Counsel Under Fed. R. Civ. P. 23(g)(3) (Filing No. 12 in Case No. 8:23CV375), moving for the appointment of Brandon Wise of Peiffer Wolf Carr Kane Conway & Wise, LLP, David Almeida of Almeida Law Group LLC, and William B. Federman of Federman & Sherwood, as Interim Co-Lead Class Counsel.

Federal Rule of Civil Procedure 23(g)(3) provides that the court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."  When appointing class counsel, interim or otherwise, Rule 23(g)(1)(A) requires the court to consider (1) "the work counsel has done in identifying or investigating potential claims in the action," (2) "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action," (3) "counsel's knowledge of the applicable law," and (4) "the resources that counsel will commit to representing the class."  The court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class."  Fed. R. Civ. P. 23(g)(1)(B).  The Manual for Complex Litigation provides that the court should "ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable." Coordination in Multiparty Litigation—Lead/Liaison Counsel and Committees, [Ann. Manual Complex Lit. § 10.22](#) (4th ed.). "Counsel designated by the court also assume a responsibility to the court and an obligation to act fairly, efficiently, and economically in the interests of all parties and parties' counsel." *Id.*

After review of the Rule 23(g)(3) factors, the Court finds the consolidated actions would benefit from interim class counsel for efficient case management.  As demonstrated by the brief and

accompanying resumes, proposed interim co-lead counsel are extremely experienced and qualified attorneys, and each has knowledge of the applicable law, experience in managing and prosecuting complex class action cases involving data security and privacy, notable successes against large corporate defendants, a track record of working cooperatively together, and resources they are willing to expend to litigate this case.  Proposed interim co-lead counsel were the first to file cases arising out of the data breach at issue, and have been involved in investigating, prosecuting, and coordinating this litigation, including the preparation and filing of the motion for consolidation. And, although there is no other counsel currently seeking appointment as interim lead counsel, and the proposed interim co-lead counsel already represent all the current plaintiffs in this consolidated action, the Court nevertheless finds appointment of interim counsel at this juncture makes sense. The data breach at issue in this case allegedly occurred in May 2023, and notice to affected individuals, of which there are at least 61,000, began in August 2023.  Given the relatively recent notification of thousands of affected individuals, it is reasonable to assume more lawsuits with similar or identical claims arising out of the same data breach could be forthcoming.  For these reasons, the Court finds the appointment of the proposed interim co-lead counsel is appropriate under Federal Rule of Civil Procedure 23(g), and will grant the motion.  Upon consideration,

**IT IS ORDERED**:

1. Plaintiff's Motion to Consolidate Cases (Filing No. 11 in Case No. 8:23CV375) is granted. The above-captioned cases are consolidated for all purposes. The Court designates Case No. 8:23CV375 as the "Lead Case" and Case Nos. 8:23CV380, 8:23CV381 and 8:23CV385 as "Member Cases."

2. The Court's CM/ECF System has the capacity for "spreading" text among the consolidated cases.  If properly docketed, the documents filed in the Lead Case will automatically be filed in all Member Cases. To this end, the parties are instructed to file all further documents (except as described below in subsections a. and b. of this paragraph) in the Lead Case and to select the option "yes" in response to the System's question whether to spread the text.

    a. The parties may not use the spread text feature to file complaints, amended complaints, and answers; to pay filing fees electronically using pay.gov; to file items related to service of process; or to file notices of appeal.  Attempting

       to do so will cause a system error, and therefore these documents must be separately filed in each of the lead and member cases. When filing such documents, counsel may either file the document separately in each case, or file the document in the Lead Case and ask the court to then file it in all member cases.

   b. If a party believes that a document in addition to those described in subparagraph a. above should not be filed in all of these consolidated cases, the party must move for permission to file the document in a limited number of the cases. The motion must be filed in each of the consolidated cases using the spread text feature.

3. The plaintiffs in the above-captioned cases shall file a Consolidated Amended Complaint in the Lead Case on or before **November 27, 2023**.

   a. The deadline for the defendants to file an answer or other responsive pleading is extended to 30-days after the plaintiffs file the Consolidated Amended Complaint.

   b. If the defendants file a motion under Fed. R. Civ. P. 12 as a responsive pleading, the plaintiffs shall have 30-days to file a brief in opposition. Thereafter, the defendants may have 21-days to file a brief in reply.

4. After the plaintiffs file their Consolidated Amended Complaint in the Lead Case, the Clerk of Court is directed to administratively close the Member Cases, and the parties are instructed to thereafter file all further documents in the Lead Case without spreading text.

5. For subsequently filed or transferred cases arising out of the same subject matter at issue in the Consolidated Lead Case, attorneys of record must notify the court that the case is related to this action pursuant to NEGenR. 1.4(A).

   a. A party seeking to consolidate a subsequently filed related case must file a motion to consolidate in that case. The motion should state whether it is opposed or unopposed. Pursuant to NECivR. 7.1(a)(1)(B), an unopposed or stipulated motion does not require a brief.

   b. If the motion to consolidate is opposed, the Court will rule on such motion after briefing in accordance with NECivR. 7.1.

**IT IS FURTHER ORDERED:**

1. Plaintiff's Motion for Appointment of Interim Lead Counsel Under Fed. R. Civ. P. 23(g)(3) (Filing No. 12) is granted.
2. Brandon Wise (Peiffer Wolf Carr Kane Conway & Wise, LLP); David Almeida (Almeida Law Group LLC); and William B. Federman (Federman & Sherwood); are appointed as Interim Co-Lead Class Counsel.

Dated this 11th day of October, 2023.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge